Filed 2/10/26  P. v. Pena CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083561 |
| v. | (Super.Ct.No. RIF138739) |
| LOUIE OSCAR PENA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Shay Dinata-Hanson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, James M. Toohey, and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Louie Oscar Pena appeals the order of the Riverside County Superior Court summarily denying his Penal Code section 1172.6 petition for resentencing.[1] We will affirm.

## BACKGROUND

The facts leading to defendant's conviction and some details of his sentencing are taken from our opinion issued in appeal *People v. Pena* (2012) 207 Cal.App.4th 944 (*Pena*).

Defendant and his brother, Bobby Steven Pena (Bobby), were members of the Brown Pride Crew gang. (*Pena, supra*, 207 Cal.App.4th at p. 947.) In August 2007, after their mother had been targeted by a rival gang, defendant confronted an associate of a rival gang (the first victim) who was walking with his friend (the second victim). Defendant yelled insults at the first victim and asked him if he wanted to be shot. Defendant drove off but returned shortly in his car accompanied by Bobby, who was riding in the back seat of another vehicle driven by a cousin. Bobby shot at the first victim. (*Ibid.*)

In 2010, a jury convicted defendant and Bobby of attempted murder (§§ 664, 187, subd. (a), count 1), two counts of assault with a firearm (§ 245, subd. (a)(2), counts 2 & 3), discharging a firearm from a motor vehicle (former § 12034, subd. (c), count 4) and actively participating in a criminal street gang (§ 186.22, subd. (a), count 5). (*Pena, supra*, 207 Cal.App.4th at p. 946.) The jury also found true the allegations that counts 1

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

through 4 were committed for the benefit of a street gang (§ 186.22, subd. (b)); that at least one principal personally discharged a firearm during the murder attempt (§ 12022.53, subds. (c) & (e)(1)); and, that a principal was armed with a firearm during the assaults (§ 12022.5, subd. (a)).

The trial court sentenced defendant to a prison term of 26 years with a consecutive term of seven years to life. Defendant and his brother appealed. (*Pena*, *supra*, 207 Cal.App.4th 944.) We reversed defendant's conviction on count 5 and the count 1 enhancement for personal discharge of a firearm as well as the gang benefit enhancements for counts 1 through 4 due to instructional errors, and affirmed the judgment in all other respects. (*Id.*, at pp. 952–953.)

In February 2022, defendant filed a section 1172.6 petition for resentencing on his conviction for attempted murder and the trial court appointed counsel to represent him.[2]

In March, defendant submitted a "Mitigating Evidence-Supplemental Report," that included a declaration in support of his petition setting forth his reasons why he disagrees with the finding that he aided and abetted the attempted murder. His counsel filed a brief arguing that defendant's petition made a prima facie showing because it contained the required allegations and those allegations were not contradicted by the record, and that the aiding and abetting instructions were so ambiguous as to permit the jury to impute malice to him based solely on his participation in the crime.

---

[2] Defendant's petition was filed on a section 1170.95 petition form. That provision was later renumbered as section 1172.6 without change in the text (Assem. Bill No. 200; Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering.

The People did not submit a responsive brief but filed a request for judicial notice of our opinion in *Pena*, *supra*, 207 Cal.App.4th 944, the jury instructions, and the court's files and records.

At the hearing, the trial court reviewed the verdict forms and instructions, and found that no violative instructions were given, that the jury was given aiding and abetting instructions and had been appropriately advised that defendant must have had the specific intent to assist in the attempted murder to be found guilty of that crime. It concluded, "[t]he only way that the jury could have rationally reached a guilty verdict as to attempted murder in this case was to find that the defendant specifically intended to kill, either as the direct perpetrator or specifically intended to kill because he knew that the direct perpetrator wished to kill and aided and abetted in that. And had the specific intent to aid and abet in that enterprise." The court confirmed that the verdict form showed that the jury found defendant guilty of attempted murder with premeditation and deliberation, and found that the aiding and abetting instructions given were completely consistent with current law. It denied defendant's petition.

## DISCUSSION

On appeal, defendant acknowledges that the jury did not convict him on a theory of natural and probable consequence but argues that the People and the trial court failed to conduct an adequate prima facie inquiry in view of his declaration asserting that he did not directly aid and abet Bobby in the commission of the attempted murder.

4

A. *Statutory Backdrop*

In 2018, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019) that amended sections 188 and 189 to limit the reach of the felony-murder rule and to eliminate the natural and probable consequences doctrine in cases of first and second degree murder as it applies to aiding and abetting. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) The bill also added section 1172.6 to provide a procedural mechanism for defendants who could no longer be convicted of murder because of the amendments to petition for retroactive relief. (Sen. Bill No. 775 (2021–2022 Reg. Sess.); *Lewis*, *supra*, at p. 959.) The Legislature amended that statute effective January 1, 2022, to provide resentencing relief to defendants convicted of attempted murder under the natural and probable consequences doctrine. (Sen. Bill No. 775; Stats. 2021, ch. 551, § 2; § 1172.6, subd. (a)(1); *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 457.)

To obtain section 1172.6 resentencing relief, defendants who suffered a conviction for attempted murder must file a petition in the sentencing court that alleges (i) an information was filed against them allowing the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine; (ii) they were convicted of attempted murder; and, (iii) they could not now be convicted of the crime because of the January 1, 2019 amendments to section 188 or 189. (§ 1172.6, subd. (a)(1), (2), & (3).)

Upon receipt of a petition that sets forth the required allegations, the trial court must conduct a prima facie analysis to determine the defendant's eligibility for relief.

(§ 1172.6, subds. (b)(3) & (c); *People v. Strong* (2022) 13 Cal.5th 698, 708; *Lewis*, *supra*, 11 Cal.5th at pp. 957, 960.)  Although the court should not reject the petition's factual allegations without first conducting an evidentiary hearing, it may make a credibility determination adverse to the defendant if the court's own documents refute those allegations.  (*Lewis*, at p. 971.)

We review de novo the trial court's denial of a section 1172.6 petition at the prima facie stage.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 545 (*Coley*).)

B. *The Summary Denial of Defendant's Petition*

In this case, it is undisputed that neither the charging information nor the instructions given to the jury made any reference to natural and probable consequences or to any other theory in which malice was imputed to defendant based solely on his participation in a crime.  Accordingly, defendant does not qualify for section 1172.6 resentencing relief.  (§ 1172.6, subd. (a); *Coley*, *supra*, 77 Cal.App.5th at p. 547 [§ 1172.6 applies by its terms only to attempted murder convictions based upon the natural and probable consequences doctrine].)

Defendant nevertheless argues that reversal of the order denying his petition is called for because the trial court did not conduct a sufficiently broad review of its records to make a proper disposition the assertions made his declaration (contained in his Mitigating Evidence-Supplemental Report) that he did not form a specific intent to kill, he did not take a direct step to aid Bobby, and he was unaware of Bobby's intentions— assertions that he posits that that trial court was required to treat as presumptively true. Based on that premise, defendant claims the jury instructions and the attempted murder

6

verdict form were "insufficient to *conclusively establish* that [he] was ineligible for relief" because he "was not arguing that the jury was misinstructed but that the instructions were ambiguous enough that, as applied to his assertions of facts, which were presumptively true, the jury convicted him on a theory of imputed malice."

Defendant's argument is bottomed on the faulty foundation that the trial court was required to treat the factual assertions contained his declaration as true. Contrary to his claim, it is well-settled that a defendant may not use a section 1172.6 hearing to relitigate facts already determined—there is no do-over on factual issues that have been resolved by plea, admission, or verdict. (*Rodriguez*, *supra*, 103 Cal.App.5th at pp. 458–459.) Based on the charges set forth in the amended information, the lack of any reference anywhere in the record to the natural and probable consequences doctrine or any other theory in which malice was imputed to defendant only because he participated in the crime, the instructions given to the jury, and the verdict it returned, the jury necessarily found true the facts defendant had a specific intent to kill, that he knew Bobby intended to kill, and that he aided and abetted Bobby in attempting to accomplish the killing.

Defendant also complains that the prima facie hearing was inadequate because the People did not comply with subdivision (c) of section 1172.6 that required them to file and serve a response to his petition within 60 days after the petition was served on them. It is true that the People's only response to defendant's petition was a request for judicial notice of the jury instructions. It is also true, as the People point out in their responsive brief and as defendant implicitly concedes in his reply brief, that defendant forfeited his right to raise any procedural defects in the proceedings. (*People v. McCoy* (2013) 215

7

Cal.App.4th 1510, 1525 [a defendant must object on specific grounds asserted as error on appeal to avoid forfeiture].)  Moreover, defendant does not claim—and we do not find—that he suffered any prejudice by the People's failure to file a responsive brief.

**DISPOSITION**

The trial court's order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

CODRINGTON
J.